**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6471**

BRANDON ALLEN,

                Petitioner - Appellant,

        v.

WARDEN DOBBS,

                Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Aiken, Henry M. Herlong, Jr., Senior District Judge.  (1:20-cv-00321-HMH)

Submitted:  July 16, 2021                                    Decided:  August 10, 2021

Before AGEE, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brandon Allen, Appellant Pro Se.  Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Allen, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and dismissing for lack of jurisdiction Allen's 28 U.S.C. § 2241 petition in which Allen sought to challenge his conviction by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

We have reviewed the record and, following the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), find no reversible error. Accordingly, we affirm. We deny as moot Allen's motion to place this case in abeyance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*